IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CORINNE B. LUNDGREEN,**<br><br>Plaintiff,<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**[1]<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:12-cv-953-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Corinne B. Lundgreen's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On May 31, 2008, Plaintiff applied for DIB, alleging disability beginning on March 1, 2008.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On November 17, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on September 15, 2011.[5] October 3, 2011, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] On September 7, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On October 16, 2012, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[8] The same day, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C § 636(b)(1)(B).[9] The Commissioner filed her answer on December 20, 2012.[10]

---

[2] *See* Administrative Record ("Tr. ____") 143-45.

[3] *See* Tr. 71-72.

[4] *See* Tr. 83.

[5] *See* Tr. 36-70.

[6] *See* Tr. 16-35.

[7] *See* Tr. 1-5.

[8] *See* docket no. 3.

[9] *See* docket no. 4.

[10] *See* docket no. 8.

On February 5, 2013, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11] Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed her opening brief on February 8, 2013.[13] After receiving two extensions of time,[14] the Commissioner filed her answer brief on May 13, 2013.[15] Plaintiff filed her reply brief on May 27, 2013.[16]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

---

[11] *See* docket no. 14-15.

[12] *See id*.

[13] *See* docket no. 16.

[14] *See* docket nos. 18-21.

[15] *See* docket no. 22.

[16] *See* docket no. 23.

"In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

4

benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in his evaluation of certain medical opinions, (2) in his evaluation of lay witness testimony, (3) in his assessment of Plaintiff's RFC, and (4) by concluding that Plaintiff could return to her past relevant work. The court will address those arguments in turn.

### I. Medical Opinions

Plaintiff first argues that the ALJ erred in his evaluation of certain medical opinions.

> In deciding how much weight to give a treating source opinion, an
> ALJ must first determine whether the opinion qualifies for

5

> controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion

6

evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff first argues that the ALJ erred in his treatment of the opinions of Plaintiff's treating physician, Dr. Scott Barton ("Dr. Barton"). In his decision, the ALJ concluded that Dr. Barton's opinions were not entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Barton's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Barton's opinions were entitled to little weight. First, the ALJ properly relied upon the fact that Dr. Barton is a family physician specializing in OB/GYN care and, thus, was not a specialist in the area related to Plaintiff's alleged limitations. *See* 20 C.F.R. § 404.1527(c)(5). Second, with respect to Plaintiff's mental limitations, the ALJ again noted that Dr. Barton was not a specialist in that area. *See id*. Finally, the ALJ properly relied upon the fact that Dr. Barton's opinions were not supported by significant clinical abnormalities. *See id*. § 404.1527(c)(3). For these reasons, the court concludes that the ALJ did not err by concluding that Dr. Barton's opinions were entitled to little weight.

To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether

substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Plaintiff next argues that the ALJ erred by giving great weight to the opinions of the medical expert and the DDS consultants. On this point, Plaintiff first contends that the ALJ erred by giving those opinions great weight because the medical expert and the DDS consultants did not examine Plaintiff. However, as noted by the Commissioner, the ALJ explicitly recognized that fact in his decision. Further, the ALJ provided valid reasons for giving those opinions great weight. The ALJ noted that those opinions were consistent with and supported by the medical evidence in the record. *See* 20 C.F.R. § 404.1527(c)(3)-(4). The ALJ also noted that the consultative examiner was a specialist in his respective field. *See id*. § 404.1527(c)(5).

Plaintiff's second contention on this point is that the medical expert and the DDS consultants did not have access to any of the record evidence submitted after Exhibit 10. Plaintiff then points to selective portions of the record evidence submitted after Exhibit 10 concerning Plaintiff's alleged impairments. Plaintiff also relies on an opinion of Dr. Barton submitted after Exhibit 10. The court concludes that Plaintiff's citation to selective portions of the evidence after Exhibit 10 is nothing more than an attempt to reargue the weight of the evidence, which as noted above, is unavailing on appeal. *See, e.g., Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Plaintiff's reliance on Dr. Barton's opinion submitted after Exhibit 10 is likewise unavailing given the court's conclusion above that the ALJ did not err in his treatment of Dr. Barton's opinions. For

these reasons, the court concludes that the ALJ did not err in his treatment of the opinions of the medical expert and the DDS consultants.

## II. Lay Witness Testimony

Plaintiff argues that the ALJ erred in his treatment of the lay witness testimony. Pursuant to Social Security Ruling ("SSR") 06-03p, lay witnesses are considered "other sources." *See* SSR 06-03p. SSR 06-03p provides that the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions of "other sources." *See id.*; *see also* 20 C.F.R. § 404.1527(c).

In this case, the ALJ concluded that the lay witness testimony was entitled to little weight. In reaching that conclusion, the ALJ properly relied upon the fact that the lay witnesses were not acceptable medical sources and had not been in a treating or other professional relationship with Plaintiff. *See* SSR 06-03p; *see also* 20 C.F.R. § 404.1527(c). The ALJ also properly relied on the close relationships Plaintiff had with the lay witnesses and the resulting potential for a lack of impartiality in their opinions. *See, e.g.*, *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that a proper factor in assessing credibility is "the motivation of and relationship between the claimant and other witnesses"). Finally, the ALJ properly relied upon the fact that the lay witness testimony was contrary to the great weight of the evidence in the record. *See* 20 C.F.R. 404.1527(c)(3)-(4). For these reasons, the court concludes that the ALJ did not err in his treatment of the lay witness testimony.

## III. RFC

Plaintiff argues that the ALJ erred by failing to include all of Plaintiff's impairments and limitations into the RFC assessment. Specifically, Plaintiff contends that the ALJ erred by failing to include any limitations for several of Plaintiff's mental impairments or for obesity.

With respect to the ALJ's alleged failure to include limitations for all of Plaintiff's mental impairments, Plaintiff points only to certain impairments contained within Dr. Barton's opinions. The court has already concluded that the ALJ did not err in his treatment of Dr. Barton's opinions. Accordingly, the court has determined that the ALJ did not err by failing to include those limitations expressed by Dr. Barton.

As for Plaintiff's obesity, the court acknowledges that the ALJ did not discuss that impairment in his decision. However, in the court's view, Plaintiff has failed to conclusively establish that the ALJ's failure in that regard affected the outcome of the ALJ's decision. Although Plaintiff points to certain conditions that could potentially be exacerbated by her obesity, she does not identify any specific functional limitations that the ALJ should have included in Plaintiff's RFC. As such, the court concludes that Plaintiff has failed to demonstrate how any alleged error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

For these reasons, the court concludes that the ALJ did not err in his assessment of Plaintiff's RFC.

## IV. Past Relevant Work

Plaintiff argues that the ALJ erred by concluding that Plaintiff can return to her past relevant work. In order for an ALJ's determination that a claimant can perform his past relevant work to be proper, the ALJ's decision must contain the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

Plaintiff does not argue that the ALJ failed to make the first findings. Although not entirely clear, it appears that Plaintiff argues that the ALJ failed to make the second and third findings. The court disagrees. The ALJ considered the testimony of the VE, which included a description of the exertional level and skill requirements of Plaintiff's past relevant work. After obtaining that testimony, the ALJ posed a hypothetical question to the VE that required consideration of whether a person with Plaintiff's RFC could perform the exertional and skill level demands of Plaintiff's past relevant work. Based on the VE's response to the hypothetical question, the ALJ concluded that Plaintiff's past relevant work did not require demands in excess of her RFC. That analysis was sufficient. *See, e.g., Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003); *see also Jordan v. Barnhart*, 213 Fed App'x 643, 646 (10th Cir. 2006) (unpublished).

Although not directed at any of the specific required findings, Plaintiff also argues that the ALJ erred by relying on the opinions of an examining physician, Dr. Justin Johnsen ("Dr. Johnsen"), and by failing to discuss how Dr. Johnsen's opinions were contradicted by other

record evidence. Both of those arguments fail. Although Plaintiff argues that the ALJ erred by relying upon Dr. Johnsen's opinions, she presents no argument concerning the ALJ's treatment of those opinions. Consequently, she has waived any argument that the ALJ erred in that respect. *See, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *Argyle v. Astrue*, No. 2:10-cv-947-DBP, 2012 U.S. Dist. LEXIS 138531, at *17-18 (D. Utah Sept. 25, 2012). As for Plaintiff's argument that the ALJ failed to discuss how Dr. Johnsen's opinions were contradicted by other evidence in the record, the court concludes that Plaintiff is again attempting to reargue the weight of the evidence before the ALJ, which is futile on appeal. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Moreover, the court notes that the ALJ is not required to discuss every piece of evidence in the record. *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

Plaintiff's final argument on this point is that the ALJ erred by concluding that Plaintiff's testimony concerning her ability to perform consistent full-time work was contradicted by her activities of daily living. Plaintiff again reargues the weight of the evidence before the ALJ on this issue. As the court has noted several times, that is an unavailing tactic on appeal. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Furthermore, it was appropriate for the ALJ to consider Plaintiff's activities of daily living in determining the credibility of Plaintiff's testimony. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p.

For these reasons, the court concludes that the ALJ did not err by concluding that Plaintiff can return to her past relevant work.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of May, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge